FERDINAND IP, LLC
Alexander R. Malbin, Esq. (AM 9385)
Edmund J. Ferdinand, III, Esq. (EF 9885)
450 Seventh Avenue, Suite 1300
New York, NY 10123
Phone: (212) 220-0523
Fax:    (212) 905-6747
amalbin@24iplg.com
jferdinand@24iplg.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAST-JAEGERMEISTER SE, | Index No.: 1:19-cv-05114 |
|               Plaintiff, | |
|     - against - | **COMPLAINT** |
| OOSHIRTS INC. d/b/a teechip.com, | |
|             Defendant. | **Jury Trial Demanded** |

Plaintiff Mast-Jaegermeister SE ("Plaintiff"), by its attorneys, for its Complaint against Defendant Ooshirts Inc. d/b/a teechip.com ("Defendant"), alleges as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.  This action arises out of Defendant's blatant and willful violations of Plaintiff's valuable trademark rights in and to the word mark JÄGERMEISTER, the stylized word mark JÄGERMEISTER, and various design marks prominently featuring the JÄGERMEISTER word or stylized word mark and/or stag deer head design elements (collectively referred to hereinafter as the "JÄGERMEISTER Marks"), as used by Plaintiff widely and continuously in the State of New York and in U.S. interstate commerce since 1968, in violation of the Lanham Act and the laws of the State of New York.

2.   As set forth below, Defendant has trampled on Plaintiff's trademark rights and continues to do so by manufacturing, marketing, advertising, promoting, offering for sale, distributing, and selling counterfeit clothing and apparel, bags, mugs, cell phone cases, and/or similar products prominently emblazoned with identical, indistinguishable, and confusingly similar imitations of Plaintiff's JÄGERMEISTER Marks.  As a result, Plaintiff is quickly losing the value of its trademarks, its brand identity, and control over its goodwill and reputation, and the marketplace is being inundated with counterfeit products which consumers are being confused into falsely believing are authorized, associated with, sponsored by, affiliated with, or otherwise connected to Plaintiff. Accordingly, the harm suffered by Plaintiff and the public as a result of Defendant's ongoing acts of infringements and unfair competition is irreparable, and Defendant's wrongful activities will continue unless enjoined by the Court.

## THE PARTIES

3.   Plaintiff, Mast-Jaegermeister SE, is a European company duly organized and existing under the laws of Germany, with its principal place of business located at Jaegermeisterstrasse 7-15, 38296 Wolfenbuettel, Germany.

4.   Upon information and belief, Defendant Ooshirts, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 41454 Christy Street, Freemont, California, 94538.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 and 15 U.S.C. § 1121 because Plaintiff's claims arise under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*.  The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. §

1338(b) and 28 U.S.C. § 1367(a).

6.  This Court may exercise personal jurisdiction over Defendant because, upon information and belief, Defendant engages in continuous and systematic business activities in this Judicial District, and/or regularly solicits business in New York and this Judicial District, and derives substantial revenue from interstate commerce, and/or has purposely directed substantial activities at the residents of New York and this Judicial District by means of the web site described herein, and derives substantial revenue from interstate commerce; and/or has committed tortious acts (namely, the acts of trademark infringement and unfair competition described herein) directed at persons located in this State and this Judicial District.

7.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

<u>**FACTS COMMON TO THE COUNTS**</u>

**A.  PLAINTIFF'S VALUABLE JAEGERMEISTER MARKS**

8.  Plaintiff is a manufacturer, distributor, and seller of Jägermeister, an herbal liqueur.  The Jägermeister name, as well as the JÄGERMEISTER Marks used in connection with the marketing and sale of Jägermeister liqueur, are famous throughout the United States and worldwide as identifying Plaintiff's herbal liqueur.

9.  Since 1972, Plaintiff has made continuous and widespread use in interstate commerce of the JÄGERMEISTER Marks in connection with its signature herbal liqueur.

10. Plaintiff also offers many other goods and services under the JÄGERMEISTER Marks for sale and marketing/promotional purposes, including, without limitation, clothing and apparel, beverage containers and accessories, and many other classes of consumer products.

11. Additionally, Plaintiff licenses rights to use of the JÄGERMEISTER Marks to third parties for use in connection with a full merchandising program featuring a wide variety of goods and services, including, without limitation, clothing and accessory products. Plaintiff's licensing agreements with third parties are subject to rigorous quality control and supervision to ensure that officially licensed products bearing the JÄGERMEISTER Marks are of the highest quality and thereby consistent with Plaintiff's own goods or services offered under the JÄGERMEISTER Marks.

12. Plaintiff and its authorized licensees have made exclusive use of the JÄGERMEISTER Marks for many years on clothing as well as other products, which have been sold nationwide and worldwide (including, but not limited to, on the Internet), and which has resulted in substantial sales.

13. Plaintiff owns many U.S. federal trademark registrations covering the JÄGERMEISTER Marks – including the following registrations for marks in connection with clothing products in Int'l Class 25, mugs in Int'l Class 21, bags in Int'l Class 18, and mobile phone cases in Int'l Class 9 (collectively, the "Class 9, 18, 21, & 25 Registrations"):

[a]   Incontestable U.S. Registration No. 3,076,932, duly and legally issued on April 4, 2006 on the Principal Register of the U.S. Patent and Trademark Office ("PTO") for the stylized word mark JÄGERMEISTER:

# Jägermeister

as applied to various goods and services in Int'l Classes 18 and 25 – including, with respect to Class 25, "Clothing, namely, shirts, shorts, jackets, sweatshirts, headwear,

namely, hats and caps, footwear".

        [b]     Incontestable U.S. Registration No. 3,183,955, duly and legally

issued on December 12, 2006 on the Principal Register of the PTO for the mark STAG

HEAD Design:



as applied to various goods and services in Int'l Classes 9, 11, 14, 15, 18, 21, 22, 24, 25,

26, 27, 28, 33, 34, 35, 41, and 43 – including, with respect to Class 25, "Clothing,

namely, shirts, shorts, pants, jackets, underwear, lingerie, sweat shirts, and head gear,

namely, hats and caps; footwear".

        [c]     U.S. Registration No. 5,121,995, duly and legally issued on

January 17, 2017 on the Principal Register of the PTO for the mark JÄGERMEISTER &

Design:



as applied to various goods in Int'l Classes 25 and 33 – including, with respect to Class

25, "Headwear; Clothing, namely, shirts, shorts, pants, jackets, suits, underwear, socks, pajamas, lingerie, sweatshirts, sweatpants, aprons, bathrobes, swimwear, skirts, blouses, tank tops, vests, hoodies, dresses, jerseys, scarves, head scarves, bandanas, hats, caps, belts, gloves, mittens, earmuffs; Footwear; flip flops".

       [d]    U.S. Registration No. 5,129,219, duly and legally issued on January 24, 2017 on the Principal Register of the PTO for the mark STAG HEAD Design:



as applied to various goods in Int'l Classes 25 and 33 – including, with respect to Class 25, "Headwear; Clothing, namely, shirts, shorts, pants, jackets, suits, underwear, socks, pajamas, lingerie, sweatshirts, sweatpants, aprons, bathrobes, swimwear, skirts, blouses, tank tops, vests, hoodies, dresses, jerseys, scarves, head scarves, bandanas, hats, caps, belts, gloves, mittens, earmuffs; Footwear; flip flops".

       [e]    U.S. Registration No. 5,135,539, duly and legally issued on February 7, 2017 on the Principal Register of the PTO for the mark STAG HEAD Design:



as applied to various goods in Int'l Classes 9, 11, 14, 15, 16, 18, 20, 21, 24, 25, 28, 33, 34, 35, 41, and 43 – including, with respect to Class 25, "Headwear; Clothing, namely, shirts, shorts, pants, jackets, suits, underwear, socks, pajamas, lingerie, sweatshirts, sweatpants, aprons, bathrobes, swimwear, skirts, blouses, tank tops, vests, hoodies, dresses, jerseys, scarves, head scarves, bandanas, hats, caps, belts, gloves, mittens, earmuffs; Footwear; flip flops".

[f]     U.S. Registration No. 5,135,541, duly and legally issued on February 7, 2017 on the Principal Register of the PTO for the mark STAG HEAD Design:



as applied to various goods in Int'l Classes 25 and 33 – including, with respect to Class 25, "Headwear; Clothing, namely, shirts, shorts, pants, jackets, suits, underwear, socks, pajamas, lingerie, sweatshirts, sweatpants, aprons, bathrobes, swimwear, skirts, blouses, tank tops, vests, hoodies, dresses, jerseys, scarves, head scarves, bandanas, hats, caps, belts, gloves, mittens, earmuffs; Footwear; flip flops".

14. Plaintiff also owns many additional U.S. federal trademark registrations covering its JÄGERMEISTER Marks for use in connection with goods and services other than Class 25 goods, including the following:

[a]     Incontestable U.S. Registration No. 0,857,604, duly and legally issued on September 24, 1968 on the Principal Register of the PTO for the stylized word mark JÄGERMEISTER:



as applied to goods in Int'l Class 33.

[b]     Incontestable U.S. Registration No. 0,861,094, duly and legally issued on November 26, 1968 on the Principal Register of the PTO for the mark JÄGERMEISTER & Design:



as applied to goods in Int'l Class 33.

[c]     Incontestable U.S. Registration No. 1,952,558, duly and legally

issued on January 30, 1996 on the Principal Register of the PTO for the mark

JÄGERMEISTER AUSZUG etc. & Design:



as applied to goods in Int'l Class 33.

[d] Incontestable U.S. Registration No. 2,165,258, duly and legally

issued on June 16, 1998 on the Principal Register of the PTO for the mark

JÄGERMEISTER KRAUTER-LIQUEUR etc. & Design:



as applied to goods in Int'l Class 33.

[e] Incontestable U.S. Registration No. 2,303,099, duly and legally

issued on December 29, 1999 on the Principal Register of the PTO for the mark STAG

HEAD Design:



as applied to goods in Int'l Class 33.

        [f]      Incontestable U.S. Registration No. 2,970,791, duly and legally issued on July 19, 2005 on the Principal Register of the PTO for the mark JÄGERMEISTER & Design:



as applied to goods in Int'l Class 33.

        [g]      Incontestable U.S. Registration No. 3,051,959, duly and legally issued on January 31, 2006 on the Principal Register of the PTO for the mark JÄGERMEISTER AUSZAG etc. & Design:



as applied to goods in Int'l Class 33.

[h]     U.S. Registration No. 4,507,949, duly and legally issued on April 1, 2014 on the Principal Register of the PTO for the mark JÄGERMEISTER SPICE as applied to goods in Int'l Class 33.

[i]     U.S. Registration No. 4,694,048, duly and legally issued on March 3, 2015 on the Principal Register of the PTO for the mark JÄGERMEISTER PRODUCED AND BOTTLED etc. & Design:



as applied to goods in Int'l Class 33.

[j]     U.S. Registration No. 4,702,125, duly and legally issued on March

11

17, 2015 on the Principal Register of the PTO for the mark JÄGERMEISTER SPICE etc.

& Design:



as applied to goods in Int'l Class 33.

[k]     U.S. Registration No. 5,121,995, duly and legally issued on

January 17, 2017 on the Principal Register of the PTO for the mark JÄGERMEISTER &

Design:



as applied to goods in Int'l Class 33.

[l]     U.S. Registration No. 5,266,890, duly and legally issued on August

15, 2017 on the Principal Register of the PTO for the mark JÄGERMEISTER

SELECTED etc. & Design:



as applied to goods in Int'l Class 33.

15. Plaintiff's numerous above-identified U.S. Trademark Registrations for the JÄGERMEISTER Marks – including, but not limited to, Plaintiff's Class 9, 18, 21, & 25 Registrations – are in all respects valid, subsisting and in full force and effect.

16. Plaintiff's JÄGERMEISTER Marks are inherently distinctive to the public and the trade with respect to its wide array of goods and services, and they serve primarily as designators of origin of products emanating from, or sponsored or licensed by, or affiliated with, Plaintiff.

17. Plaintiff has promoted, marketed, advertised, and used its JÄGERMEISTER Marks extensively, and has made substantial sales of products and services offered under and/or bearing the JÄGERMEISTER Mark.

18. As a result of the promotion, marketing, advertising and use of the JÄGERMEISTER Marks during the past 45+ years, (a) the public and the trade have come to recognize the JÄGERMEISTER Marks as exclusively identifying high quality products and services emanating from a single source of origin, (b) the JÄGERMEISTER Marks have gained secondary meaning and extensive marketplace goodwill, and (c) the

JÄGERMEISTER Marks are famous and became famous prior to Defendants' illicit use of the JÄGERMEISTER Marks alleged in this Complaint.

**B. THE DEFENDANT, ITS BUSINESS OPERATIONS, & ITS DOCUMENTED HISTORY OF TRADEMARK INFRINGING ACTIVITY**

19. Upon information and belief, Defendant Ooshirts, Inc. is the owner and operator of the website publicly accessible at the domain name www.teechip.com (the "TeeChip Website").

20. Upon information and belief, the TeeChip Website is an interactive, commercial website by which Defendant markets, advertises, offers for sale, and sells printing services for a wide variety of clothing and apparel products and other merchandise.

21. Upon information and belief, Defendant, through the TeeChip Website, solicits and provides technological means for users to upload designs to be printed onto various merchandise, and then offers such products printed with such designs for sale to third parties. Upon information and belief, when a visitor to the TeeChip Website orders a product, Defendant produces the product (i.e., prints the design onto the product), ships to the customer, and processes payment for the order. Defendant thereafter remits a portion of the profits earned from such order with the user who originally uploaded the design.

22. Upon information and belief, Defendant's services offered through the TeeChip Website are offered and provided to customers located throughout the United States, including in the State of New York and this District.

23. Upon information and belief, Defendant has no method or process for screening designs to ensure they do not infringe upon any third party's intellectual property rights before offering merchandise printed with such designs for sale and

distribution to customers.

24. Upon information and belief, Defendant, through its ownership and operation of the TeeChip Website and fulfillment of orders received thereon, knowingly engages in a substantial amount of sales and distribution of counterfeit products that infringe upon the trademark or other intellectual property rights of third parties.

25. As a result of its illicit business activities, Defendant has faced numerous trademark infringement and counterfeiting lawsuits over the last three years arising from its offering of trademark-infringing merchandise on the TeeChip Website, including:

- *Atari Interactive, Inc. v. Ooshirts, Inc.*, Civil Action No. 3:19-cv-00264-JST (N.D. Cal. 2019), alleging, *inter alia*, infringement and dilution of word and design marks associated with ATARI video game system and PONG, MISSLE COMMAND, BREAKOUT, and YARS' REVENGE video games;

- *Home Box Office, Inc. v. Ooshirts Inc. d/b/a Teechip*, Civil Action No. 1:18-cv-04645-KPF (S.D.N.Y. 2018), alleging, *inter alia*, infringement and counterfeiting of word and design marks associated with "The Sopranos", "Sex In The City", "Silicon Valley", and "Game of Thrones" television programs;

- *Sanrio Co. Ltd.et al. v. ooShirts Inc., et al.*, Civil Action No. 3:18-cv-02235-CRB (N.D. Cal. 2018), alleging, *inter alia*, infringement and counterfeiting of word and design marks associated with "Hello Kitty" and other cartoons;

- *American Family Life Assurance Company of Columbus (AFLAC) v. Ooshirts, Inc.*, Civil Action No. 4:17-cv-00016-CDL (M.D. Ga. 2017), alleging, *inter alia*, infringement and dilution of AFLAC word mark and various AFLAC-owned design marks;

- *Hammel Companies, Inc., et al. v. Ooshirts, Inc. d/b/a Teechip*, Civil Action No. 2:16-cv-01408-MRH (W.D. Pa. 2016), alleging, *inter alia*, infringement of PITT OHIO marks;

- *The Life Is Good Company v. Ooshirts Inc.*, Civil Action No. 1:16-cv-11565-GAO (D. Mass. 2016), alleging, *inter alia*, infringement and counterfeiting of LIFE IS GOOD word mark and associated design mark;

- *Lopez v. Ooshirts, Inc., et al.*, Civil Action No. 1:16-cv-05426-GHW (S.D.N.Y. 2016), alleging, *inter alia*, infringement of LOWER EAST SIDE word and design marks; and,

- *American Family Life Assurance Company of Columbus (AFLAC) v. Ooshirts, Inc.*, Civil Action No. 4:16-cv-00188-CDL (M.D. Ga. 2016), alleging, *inter alia*, infringement and dilution of AFLAC word mark and various AFLAC-owned design marks.

26. As shown by the numerous trademark counterfeiting and infringement lawsuits brought against Defendant in recent years and Defendant's continued counterfeiting and infringing activities described in this Complaint, Defendant is a brazen, remorseless counterfeiter whose entire business is built on infringing the intellectual property rights and free-riding on the marketplace goodwill and reputations of established brands – including, as alleged in this Complaint, Plaintiff.

## C.  DEFENDANT'S ACTS OF TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

27. Upon information and belief, without license, authorization or permission from Plaintiff, and in blatant and brazen disregard for Plaintiff's rights in the JÄGERMEISTER Marks, Defendant has manufactured, promoted, distributed, offered for sale, and/or sold counterfeit merchandise bearing one or more identical, substantially

indistinguishable, and/or confusingly similar imitations of the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) (the "Infringing Products"), and further, has knowingly facilitated use by third parties of identical, substantially indistinguishable, and/or confusingly similar imitations of the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) in the distribution and sale of the Infringing Products.[1]

28. Upon information and belief, Defendant's Infringing Products are identical and/or legally related to goods identified on Plaintiff's Class 9, 18, 21, & 25 Registrations.

29. Upon information and belief, many of the Infringing Products use identical, substantially indistinguishable, and/or confusingly similar imitations of the JÄGERMEISTER Marks covered by the Class 9, 18, 21, & 25 Registrations on goods identical and/or legally related to the goods identified on such Class 9, 18, 21, & 25 Registrations.

30. Upon information and belief, Defendant is manufacturing, advertising, marketing, distributing, offering for sale, and/or selling Infringing Products.

31. The Infringing Products manufactured, advertised, marketed, distributed, offered for sale, and sold by and/or at the direction of Defendant have not been licensed, authorized, sponsored, endorsed, or approved by Plaintiff.  Defendant is not associated, affiliated, or connected with Plaintiff, or licensed, authorized, sponsored, endorsed, or approved by Plaintiff.

32. Upon information and belief, the Infringing Products have been marketed, offered for sale, and sold by Defendant through the TeeChip Website, among other

---

[1]  Screen captures of product listing pages on the TeeChip Website, evidencing a select number of representative examples of the Infringing Products, are attached at Exhibit A.

channels of trade.

33. The Infringing Products are similar to and compete with authorized apparel products bearing the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) sold and/or distributed for marketing/promotional purposes by Plaintiff and its official licensees.

34.   The Infringing Products and authorized goods bearing the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) sold and/or distributed for marketing/promotional purposes by Plaintiff and its official licensees are sold through identical and overlapping channels of trade.

35. The Infringing Products bear designs and symbols that are substantially and confusingly similar to one of more of Plaintiff's JÄGERMEISTER Marks.

36. The Infringing Products bear spurious designations that are identical to and/or indistinguishable from those of Plaintiff's JÄGERMEISTER Marks that are federally registered under the Class 9, 18, 21, & 25 Registrations , and are, therefore, counterfeit.

37. Upon information and belief, some or all of the Infringing Products are of poor quality, inferior to the quality of authorized goods bearing the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) sold and/or distributed for marketing/promotional purposes by Plaintiff and its official licensees.

38. Upon information and belief, the Infringing Goods have been and/or presently are offered for sale and sold on the TeeChip Website that is owned, operated and controlled by Defendant.

39. Upon information and belief, Defendant's aforementioned use of the JÄGERMEISTER Marks in connection with marketing, promotion, advertising, offering for sale, distributing, and selling the Infringing Products has been directed at consumers

located in the State of New York, this Judicial District, and nationwide.

40. The manufacturing, advertising, marketing, promoting, distribution, offering for sale, and sale of the Infringing Products, and use of identical, substantially indistinguishable, and/or confusingly similar imitations of the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) in connection therewith, engaged in and/or knowingly facilitated by Defendant is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into falsely believing that the Infringing Products are manufactured by, licensed by, authorized by, or otherwise approved by Plaintiff.

41. Upon information and belief, Defendant had actual knowledge of the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) and Plaintiff's rights with respect thereto when it began manufacturing, advertising, marketing, promoting, distributing, offering for sale, and/or selling the Infringing Products, and/or facilitating such activities by third parties.

42. Upon information and belief, Defendant was aware or should have been aware – particularly in light of its trademark infringement litigation history described *supra* at ¶ 25 – that the marketing, distribution and sale of the Infringing Products would likely cause confusion among consumers and would dilute Plaintiff's rights in the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations).

43. Upon information and belief, Defendant knowingly, willfully, intentionally, and maliciously adopted and used substantially indistinguishable and confusingly similar imitations of the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations) on the Infringing Products to mislead and deceive consumers into

believe that the Infringing Products are licensed or authorized by, or emanate from, Plaintiff, and to free-ride and otherwise trade on the substantial marketplace goodwill and reputation of Plaintiff embodied in the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations).

44.  Defendant has acted in bad faith, with malicious intent, and in knowing disregard of Plaintiff's rights in and to the JÄGERMEISTER Marks (including those covered by the Class 9, 18, 21, & 25 Registrations), with the intent of free-riding on the substantial marketplace reputation and goodwill associated with the JÄGERMEISTER Marks.

45. The likelihood of confusion, mistake, and deception caused by the above-described misconduct of Defendant is causing irreparable harm to the goodwill symbolized by the JÄGERMEISTER Marks (including those covered by Class 9, 18, 21, & 25 Registrations) and the reputation for quality that they embody.

46. The likelihood of confusion, mistake, and deception caused by the above-described misconduct of Defendant is particularly damaging with respect to those persons who perceive a defect or lack of quality in the Infringing Products.

47. Upon information and belief, by virtue of their above-described misconduct, Defendant has made substantial profits and gains to which they are not entitled in law or equity.

**E.  PLAINTIFF'S DISCOVERY OF DEFENDANT'S ILLICIT ACTIVITIES, PLAINTIFF'S NOTICE TO DEFENDANT, AND DEFENDANT'S CONTINUED WILLFUL INFRINGEMENT**

48. On or about October 30, 2018, Plaintiff first discovered a number of the Infringing Products offered for sale on the TeeChip Website.

49. Upon information and belief, Defendant is responsible for the marketing and

offering for sale of the Infringing Products on the TeeChip Website.

50. Following such discovery, on November 30, 2018, Plaintiff, through counsel, contacted the operator of the TeeChip Website, by submission through the fillable form provided on the web site for submitting messages to its customer service department (https://teechip.com/contact/email[2]), providing notice of Plaintiff's rights in the JÄGERMEISTER Marks and the infringing nature of a number of the Infringing Products displayed and offered for sale on the TeeChip Website, demanding that all use of the JÄGERMEISTER Marks be immediately ceased and desisted, and demanding that information be provided concerning the scope of infringing use of the JÄGERMEISTER Marks.

51. Plaintiff's counsel never received a response to its November 30, 2018 written correspondence submitted through the TeeChip Website's fillable form for contacting Defendant's customer service department.

52. Upon information, belief, and due investigation, none of the Infringing Products were removed from being offered for sale and distribution on the TeeChip Website following Plaintiff's counsel's November 30, 2018 written correspondence.

53. Thereafter, on or about December 12, 2018, Plaintiff's counsel contacted Defendant via phone call, providing further notice of Plaintiff's rights in the JÄGERMEISTER Marks and the infringing nature of a number of the Infringing Products displayed and offered for sale on the TeeChip Website.  The individual who took Plaintiff's counsel's call informed that the TeeChip Website is owned and operated by Defendant, and that the TeeChip Website has no email or physical address separate

---

[2] A screen capture showing the fillable form provided on the TeeChip Website for submitting messages to its customer service department – including, specifically, to "[r]eport a campaign for intellectual property concerns" – is attached at Exhibit B.

from those of Defendant.  The individual further informed Plaintiff's counsel that a representative from Defendant's legal department would contact Plaintiff's counsel thereafter.

54. Plaintiff's counsel has not received any communication from anyone associated with Defendant since its December 12, 2018 phone call.

55. Upon information, belief, and due investigation, none of the Infringing Products were removed from being offered for sale and distribution on the TeeChip Website following Plaintiff's counsel's December 12, 2018 phone call.

56. Furthermore, upon information, belief, and due investigation, a substantial number of additional Infringing Products were added to the TeeChip Website and have been offered for sale and distribution subsequent to Plaintiff's counsel's November 30, 2018 written correspondence and December 12, 2018 phone call.

57. As of the date of filing of this Complaint, despite Plaintiff's repeated notifications to Defendant of the illicit nature of the Infringing Products, no fewer than 88 Infringing Products are actively posted and offered for sale and distribution on the TeeChip Website.[3]

58. Upon information and belief, Defendant has knowingly and intentionally continued to engage in marketing, promotion, advertisement, offering for sale, distribution, and/or sale of the Infringing Products though the TeeChip Website, and/or has knowingly and intentionally continued to supply services to users of the TeeChip Website, knowing, or with reason to know, that such services were utilized by users for purposes of marketing, advertising, offering for sale, distributing, and selling the

---

[3] Screen captures of search results for "Jagermeister" on the TeeChip Website created on May 30, 2019, showing active listings for 88 Infringing Products on the TeeChip Website as of that date, are attached at Exhibit C.

Infringing Products, subsequent to and despite Plaintiff's notifications of its rights in and to the JÄGERMEISTER Marks and demands to cease and desist such infringing activities.

59. In light of the foregoing, it is clear that, despite Plaintiff's numerous notifications of its rights in and to the JÄGERMEISTER Marks and demands to cease and desist its infringing activities, Defendant has continued and will continue to market, promote, advertise, offer for sale, distribute, and sell the Infringing Products. Accordingly, intervention of this Court is required to put a stop to Defendant's brazen infringing activities, protect Plaintiff's reputation and marketplace goodwill from further harm, and prevent further consumer confusion by enjoining Defendant from further inundating the marketplace with Infringing Products confusingly similar to, and of quality inferior to the quality of Plaintiff's officially licensed products.

## FIRST CAUSE OF ACTION
### Federal Counterfeiting

60. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

61. Defendant has used in commerce spurious marks that are counterfeits of, identical to, or substantially indistinguishable from, Plaintiff's JÄGERMEISTER Marks that are federally registered under the Class 9, 18, 21, & 25 Registrations, in connection with goods identical to goods identified in Plaintiff's Class 9, 18, 21, & 25 Registrations.

62. Defendant has used such marks knowing that they are counterfeit in connection with the promotion and/or sale of goods identical to the goods of Plaintiff without the consent or authorization of Plaintiff, in a manner likely to cause confusion, to cause mistake, or to deceive as to source or origin among consumers.

63. Defendant's unauthorized use of Plaintiff's JÄGERMEISTER Marks is likely

to mislead and cause consumers and/or the general public to falsely believe that the Infringing Products are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the authorization, sponsorship, endorsement, or approval of Plaintiff.

64. Defendant's actions demonstrate an intentional, willful, and malicious intent to counterfeit Plaintiff's JÄGERMEISTER Marks that are federally registered under the Class 9, 18, 21, & 25 Registrations.

65. Defendant's actions constitute counterfeiting under 15 U.S.C. § 1114.

66. Plaintiff's goodwill in its name and its JÄGERMEISTER Marks will be irreparably harmed if Defendant's illicit use thereof is not enjoined.

67. Upon information and belief, Defendant has intentionally used and continues to intentionally use spurious marks that are counterfeits of, identical to, or substantially indistinguishable from, the JÄGERMEISTER Marks, in connection with the promotion, distribution, and sale of goods identical to goods offered by and/or with the authority of Plaintiff under the JÄGERMEISTER Marks.  Pursuant to 15 U.S.C. § 1117(b), Plaintiff is entitled to recover treble profits or damages, whichever amount is greater, together with reasonable attorneys' fees.

68. Because Defendant has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff for which Plaintiff has no adequate remedy at law, and because this is an exceptional case, Plaintiff is entitled to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117(c), as well as seizure of the Infringing Products under 15 U.S.C. § 1116.

69. Plaintiff has been damaged by the aforementioned acts of Defendant in an amount that is as yet undetermined.  If the aforementioned acts of Defendant are allowed

to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### Federal Trademark Infringement

70. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

71. Defendant has used in commerce marks that are confusingly similar to those of Plaintiff's JÄGERMEISTER Marks that are federally registered under the Class 9, 18, 21, & 25 Registrations in violation of 15 U.S.C. § 1114.

72. Defendant's use of confusingly similar imitations of those of Plaintiff's JÄGERMEISTER Marks that are federally registered under the Class 9, 18, 21, & 25 Registrations is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Products are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the authorization, sponsorship, endorsement, or approval of Plaintiff.

73. Defendant's illicit activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, irreparable injury to Plaintiff's goodwill and reputation as symbolized by its JÄGERMEISTER Marks that are federally registered under the Class 9, 18, 21, & 25 Registrations, for which Plaintiff has no adequate remedy at law.

74. Defendant's illicit activities demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's JÄGERMEISTER Marks that are federally registered under the Class 9, 18, 21, & 25 Registrations, to Plaintiff's substantial and irreparable harm.

75. Because Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and because this is an exceptional case, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C §§ 1114, 1116, and 1117.

### THIRD CAUSE OF ACTION
**Contributory Federal Trademark Infringement**

76. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

77. Upon information and belief, users of Defendant's TeeChip Website are infringing Plaintiff's JÄGERMEISTER Marks federally registered under the Class 9, 18, 21, & 25 Registrations by marketing, advertising, offering for sale, distributing, and selling the Infringing Products.

78. Upon information and belief, Defendant supplies services to users of the TeeChip Website knowing, or with reason to know, that such users utilize their services for purposes of marketing, advertising, offering for sale, distributing, and selling Infringing Products.

79. Upon information and belief, Defendant knowingly and materially assists in and/or contributes to the manufacture, marketing, advertising, promotion, offering for sale, distribution, and sales of Infringing Products, including, *inter alia*, by operating the TeeChip Website through which the Infringing Products are marketed, advertised, promoted, offered for sale, distributed, and/or sold while failing to cease manufacture, marketing, advertising, promotion, offering for sale, distribution, and sales of the Infringing Products of which they are aware or should be aware of their infringing nature.

80. Defendant is contributorily liable for the infringing acts of users of the

TeeChip Website carried out through the TeeChip Website, an online platform they provide, and assisted by the associated services they provide, despite Defendant having been put on notice of Plaintiff's rights in and to the JÄGERMEISTER Marks.

81. Defendant's contributory infringement of Plaintiff's JÄGERMEISTER Marks federally registered under the Class 9, 18, 21, & 25 Registrations has been willful, intended to reap the benefit of Plaintiff's marketplace goodwill and reputation symbolized by Plaintiff's federally registered JÄGERMEISTER Marks, and violates 15 U.S.C. § 1114.

82. Defendant's illicit conduct is causing, and is likely to continue to cause, substantial injury to the public and to Plaintiff.

83. As a direct and proximate result of Defendant's illicit conduct, Plaintiff has suffered, and will continue to suffer unless and until such conduct is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and marketplace goodwill.

84. Accordingly, Plaintiff is entitled to injunctive relief and to recover its actual damages and/or an award of Defendant's profits, costs, and reasonable attorneys' fees under 15 U.S.C §§ 1116 and 1117.  Any such damages and/or profits awarded to Plaintiff should be trebled pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION
### Federal Unfair Competition & False Designation of Origin

85.   Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

86. Defendant's use of the JÄGERMEISTER Marks and confusingly similar imitations thereof has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Products are

manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the authorization, sponsorship, endorsement, or approval of Plaintiff.

87. Defendant has used false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).  Defendant's illicit activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the JÄGERMEISTER Marks, for which Plaintiff has no adequate remedy at law.

88. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the JÄGERMEISTER Marks to the substantial and irreparable injury of Plaintiff.

89. Because Defendant has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and because this is an exceptional case, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C §§ 1125(a), 1116, and 1117.

## FIFTH CAUSE OF ACTION
### Contributory Federal Unfair Competition & False Designation of Origin

90.  Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

91. Upon information and belief, Defendant, and users of the TeeChip Website owned, operated, provided, and supported by Defendant, are competing unfairly with Plaintiff.

92. Upon information and belief, Defendant supplies services to users of the

TeeChip Website who they know or have reason to know are engaged in the distribution and sale of Infringing Products, and Defendant continues to supply such services despite this knowledge.

93. Upon information and belief, Defendant has knowingly and materially assisted in and/or contributed to sales of the Infringing Products, including, but not limited to, by marketing, advertising, promoting, offering for sale, and/or distributing Infringing Products despite being made aware of their infringing nature by Plaintiff.

94. Defendant is contributorily liable for the infringing acts of users of the TeeChip Website carried out through the online platform it provides, and assisted by the services it provides, despite having been put on notice of Plaintiff's rights in and to the JÄGERMEISTER Marks.

95. The contributory unfair competition, false representations, and false designations of origin engaged in by Defendant has been willful, intended to reap the benefit of Plaintiff's marketplace goodwill and reputation, and violates 15 U.S.C. § 1125(a).

96. The illicit conduct of Defendant is causing, and is likely to continue to cause, injury to the public and to Plaintiff.

97. As a direct and proximate result of the illicit conduct of Defendant, Plaintiff has suffered, and will continue to suffer, unless and until such activity is enjoined by this Court, irreparable damages and inherently unquantifiable injury and harm to its business, reputation, and marketplace goodwill.

98. Accordingly, Plaintiff is entitled to injunctive relief and to recover its actual damages and/or an award of Defendant's profits, costs, and reasonable attorneys' fees under 15 U.S.C §§ 1116 and 1117.  Any such damages and/or profits awarded to Plaintiff

should be trebled pursuant to 15 U.S.C. § 1117(a).

## SIXTH CAUSE OF ACTION
**New York Trademark Infringement, Unfair Competition, & Misappropriation**

99. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

100.    Defendant's illicit activities with respect to the JÄGERMEISTER Marks alleged herein constitute common law trademark infringement, unfair competition, and misappropriation of Plaintiff's goodwill under the common law of the State of New York.

101.    Defendant is directly, vicariously, and/or contributorily liable for the illicit activities with respect to the JÄGERMEISTER Marks alleged herein.

102.    Defendant's illicit activities with respect to the JÄGERMEISTER Marks alleged herein have, at times relevant to this action, been willful.

103.    As a direct and proximate result of Defendant's illicit activities with respect to the JÄGERMEISTER Marks alleged herein, Plaintiff has been and, unless Defendant's illicit activities with respect to the JÄGERMEISTER Marks are enjoined by this Court, will continue to be damaged and irreparably harmed.

104.    Plaintiff has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
**Federal Trademark Dilution**

105.    Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

106.    By virtue of Plaintiff's long and continuous use of the JÄGERMEISTER Marks in interstate commerce, the JÄGERMEISTER Marks have become and continue to be famous within the meaning of 15 U.S.C. § 1125(c), and were famous prior to Defendants' first use of the JÄGERMEISTER Marks in the United States.  As such, the

JÄGERMEISTER Marks are eligible for protection against dilution pursuant to 15 U.S.C. § 1125(c).

107.    Defendant has used, in U.S. interstate commerce, after the JÄGERMEISTER Marks became famous, identical, substantially indistinguishable, and confusingly similar imitations of the JÄGERMEISTER Marks in connection with the Infringing Products.

108.    Upon information and belief, Defendant's use of the JÄGERMEISTER Marks in connection with the Infringing Products has been willfully intended to illicitly free-ride on and benefit from Plaintiff's reputation and/or marketplace goodwill, and/or to cause dilution of Plaintiff's famous JÄGERMEISTER Marks.

109.    Defendant's use of the JÄGERMEISTER Marks in connection with the Infringing Products has diluted the distinctive quality and unique selling power of the JÄGERMEISTER Marks for clothing and other classes of goods, and has further diluted the JÄGERMEISTER Marks by using the Marks in connection with goods that are inferior to goods bearing the JÄGERMEISTER Marks authorized by Plaintiff, and/or by using the Marks in connection with goods that are defective.

110.    Defendant's use of the JÄGERMEISTER Marks in connection with the Infringing Products has threatened to cause and is causing dilution of the distinctive quality of the famous JÄGERMEISTER Marks by lessening Plaintiff's capacity to identify goods and services with which they are used, or licensed, or authorized for use.

111.    Defendant's aforementioned use of identical, substantially indistinguishable, and confusingly similar imitations of the JÄGERMEISTER Marks in U.S interstate commerce constitutes trademark dilution in violation of 15 U.S.C. § 1125(c).

112.    Plaintiff has no adequate remedy at law, and will suffer irreparable harm and injury, if Defendant's illicit use of the JÄGERMEISTER Marks is not enjoined.

113.    As a result of Defendant's illicit activities, Plaintiff has been damaged in an amount not yet determined or ascertainable, to be established at trial.

**EIGHTH CAUSE OF ACTION**
**New York State Trademark Dilution**

114.    Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

115.    Defendant's use of the JÄGERMEISTER Marks in connection with advertising, marketing, promoting, distributing, and selling the Infringing Products to persons located in the State of New York violates N.Y. General Business Law § 360-l.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every cause of action set forth above and award it relief including, but not limited to, the following:

A.    Preliminarily and permanently enjoining and restraining Defendant, Defendant's directors, officers, agents, servants, employees, and subsidiaries, affiliates, and all persons and entities in active concert or participation with, through, or under any of the foregoing:

1.    From imitating, copying or otherwise making unauthorized use of any of the JÄGERMEISTER Marks, any unauthorized colorable imitation of any of the JÄGERMEISTER Marks, or any other marks, words, names or symbols confusingly similar to any of the JÄGERMEISTER Marks, in connection with the manufacture, importation, promotion, marketing, advertising, display, sale, offering for sale, production, circulation or distribution of any good or service;

2.      From committing any acts of unfair competition and/or creating a false designation or origin, false description, or false representation with respect to any of the JÄGERMEISTER Marks;

3.      From committing any acts of unfair competition by falsely passing off any goods or services as authorized by, associated with, sponsored by, endorsed by, affiliated with, related to, or otherwise connected to Plaintiff, or inducing or enabling others to falsely pass off any goods or services as authorized, associated with, sponsored by, endorsed by, affiliated with, related to, or otherwise connected to Plaintiff;

4.      From manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, marketing, promoting or displaying any product bearing any of the JÄGERMEISTER Marks, any unauthorized colorable imitation of any of the JÄGERMEISTER Marks, or any other marks, words, names or symbols confusingly similar to any of the JÄGERMEISTER Marks;

5.      From using in any manner any packaging, labels, signs, literature, display cards, or other packaging, advertising, marketing, or promotional materials (physical and/or digital), or other materials (physical and/or digital) bearing any of the JÄGERMEISTER Marks, any unauthorized colorable imitation of any of the JÄGERMEISTER Marks, or any other marks, words, names or symbols confusingly similar to any of the JÄGERMEISTER Marks, in connection with any of Defendant's goods or services;

6.      From making any statements on advertising, marketing, or promotional materials for any of Defendant's goods or services which are false or misleading as to being an authorized distributor or seller of goods or services under any of the JÄGERMEISTER Marks, any unauthorized colorable imitation of any of the

JÄGERMEISTER Marks, or any other marks, words, names or symbols confusingly similar to any of the JÄGERMEISTER Marks;

7. From making any statements on advertising, marketing, or promotional materials for any of Defendant's goods or services which are false or misleading as to source or origin; and,

8. From committing any acts of trademark infringement, unfair competition, or false designation of origin calculated to cause members of the trade or purchasing public to falsely believe that any of Defendant's goods or services are Plaintiff's goods or services, or are authorized by, associated with, sponsored by, endorsed by, affiliated with, related to, or otherwise connected to Plaintiff.

B. Ordering that Defendant use its best efforts to recall from the trade, including any and all distributors, wholesalers, dealers, retailers and all other third parties, any and all unauthorized products bearing any of the JÄGERMEISTER Marks, any unauthorized colorable imitation of any of the JÄGERMEISTER Marks, or any other marks, words, names or symbols confusingly similar to any of the JÄGERMEISTER Marks;

C. Ordering that Defendant deliver to Plaintiff any and all containers, signs, packaging materials, printing plates, advertising, marketing, and promotional materials, and any materials used in the preparation of any of the foregoing, which in any way use or make reference to any of the JÄGERMEISTER Marks, any unauthorized colorable imitation of any of the JÄGERMEISTER Marks, or any other marks, words, names or symbols confusingly similar to any of the JÄGERMEISTER Marks.

D. Ordering that Defendant, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and

serve upon Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendant have complied with the Court's order pursuant to Paragraphs A-C above, pursuant to 15 U.S.C. § 1116.

E.      Ordering Defendant to account for all gains, profits and advantages derived from its acts of infringement, false designation, unfair competition and other violations of law alleged herein.

F.      Ordering that Defendant be ordered to pay for Plaintiff's actual damages according to proof and all profits realized by Defendant by reason of the unlawful acts by Defendants alleged in this Complaint, pursuant to 15 U.S.C. § 1117.

G.      Ordering that Defendant be ordered to pay treble damages to Plaintiff on account of its willful, intentional and bad faith conduct pursuant to 15 U.S.C. § 1117.

H.      Ordering that Defendant be ordered to pay statutory damages of up to $ 2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, pursuant to 15 U.S.C. § 1117(c).

I.      Ordering that Defendant be ordered to pay to Plaintiff punitive and exemplary damages as provided by New York law.

J.      Directing that Defendant be ordered to pay to Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendant's intentional and willful misconduct, pursuant to 15 U.S.C. § 1117.

K.      Awarding Plaintiff pre-judgment and post-judgment interest to the maximum extent provided by law.

L.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all counts so triable.


Dated: May 31, 2019
      New York, New York

                           Respectfully submitted,

                           FERDINAND IP, LLC

                           By: _____
                           Alexander R. Malbin, Esq. (AM 9385)
                           Edmund J. Ferdinand, III, Esq. (EF 9885)
                           450 Seventh Avenue, Suite 450
                           New York, New York 10123
                           (p) (212) 220-0523
                           (f) (203) 905-6747
                           amalbin@24iplg.com
                           jferdinand@24iplg.com


                           *Attorneys for the Plaintiff,*
                           *Mast-Jaegermeister SE*